Zoraida Núñez Rivera, recurrente, *v.* Comisión Industrial de Puerto Rico, etc., demandada.

*Número:* 592  *Resuelto:* 4 de mayo de 1962

*Guillermo S. Pierluisi,* abogado de la recurrente; *Donald R. Dexter, Carmen Ana Archeval* y *Ángel de Jesús Matos,* abogados del Fondo del Seguro del Estado.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

### SENTENCIA

El obrero Rafael Martínez Sánchez, de 56 años de edad, falleció el día 11 de noviembre de 1959, y en el certificado

de defunción se atribuyó su muerte a un infarto del miocardio debido a un colapso cardio-respiratorio. Martínez trabajaba desde hacía más de diez años como mecánico para la reparación de equipo pesado en el Fondo de Emergencia de Guerra adscrito al Departamento de Obras Públicas. El día de su muerte había comenzado las labores alrededor de las ocho de la mañana y se dedicaba a la reparación de un cilindro de alrededor de quince toneladas, colocándole las bujías y ajustándole las tuercas. En su labor tenía la ayuda de un asistente o de algún otro obrero proporcionado por el taller. Cerca de las 3:30 de la tarde sintió un dolor agudo en la región precordial mientras se encontraba tomando agua al lado de una fuente. Sufrió un desfallecimiento y fue trasladado al hospital, falleciendo en el trayecto.

No hay prueba alguna que establezca la preexistencia de una enfermedad cardíaca, y específicamente de arteriosclerosis. Al sorprenderle la muerte realizaba las labores usuales y corrientes de su trabajo.

Según expusimos en *Vda. de Fernández* v. *Comisión Industrial*, 85 D.P.R. 298 (1962), a los fines de determinar la compensabilidad de un accidente que culmina en una muerte cardíaca debe probarse la existencia de una relación de causalidad entre la labor realizada y el resultado final, o sea, si la labor contribuyó al resultado mediante la agravación, aceleración o precipitación de la enfermedad. Según hemos visto, los escasos elementos de prueba que aparecen de la transcripción no nos permiten concluir que se estableció en este caso tal relación y, aún cuando la Comisión Industrial erró en su resolución al aparentemente concluir que para declarar compensable el accidente era indispensable establecer que el obrero ejecutaba un trabajo "fuera de lo normal de lo que estaba acostumbrado a hacer o que estuviese realizando un esfuerzo extraordinario", siempre procedería la confirmación de la resolución dictada, por no haberse pro-

bado que en forma alguna la labor que ejecutaba el obrero al momento de sufrir el ataque cardíaco agravó, aceleró o precipitó su muerte.

*Se confirma la resolución dictada por la Comisión Industrial de Puerto Rico en 20 de septiembre de 1960.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.

(Fdo.) LUIS NEGRÓN FERNÁNDEZ,
*Juez Presidente.*

Certifico:

(Fdo.) IGNACIO RIVERA,
*Secretario.*